UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| PETER L. FLANAGAN | : |
| VS | : C.A. NO. 10-436 L |
| BANCORP RHODE ISLAND, INC. MERRILL W. SHERMAN, LINDA H. SIMMONS and MEREDITH CURREN | : |

## CONSENT PROTECTIVE ORDER

Upon consideration of the submission of the plaintiff, Peter L. Flanagan, and defendants, Bancorp Rhode Island, Inc., Merrill W. Sherman, Linda H. Simmons, and Meredith Curren (jointly with the plaintiff, the "Parties") in support of their joint motion for the entry of a consent protective order (the "Order") pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, and for good cause shown:

**IT IS HEREBY ORDERED THAT** certain information produced in discovery, marked for identification, and/or introduced into evidence during this proceeding may be designated Confidential Information by any Party to this Civil Action No. 10-436 L (the "Action"). When so identified by any Party hereto, in accordance with this Order, such information will be deemed to be confidential and will not be disclosed, except as set forth herein.

1. "Confidential Information" as used herein will include (a) confidential, personal, business, medical or financial information of any Party; (b) a trade secret, proprietary or other confidential research, development, financial, or commercial information, or the like; (c) information, the disclosure of which would, in the good faith judgment of the Party designating the material as confidential, be detrimental to the conduct of that Party's business or the business of any of that Party's customers or clients; and/or (d) any information in the custody, possession,

or control of a Party, the disclosure of which, absent this Order, could constitute a violation of any third party's right of privacy or otherwise violate an obligation of confidentiality that such Party owes to a third party. Confidential Information may be in any form, including documents, answers to interrogatories, answers to requests for admissions, deposition testimony, and the like. Confidential Information will not include material publicly disclosed by or at the direction of the Party asserting that such information is confidential.

2. The existence of this Order will in no way limit or circumscribe the rights of the Parties to withhold information on the basis of privilege, including, but not limited to, attorney work product, the attorney-client privilege, or any other evidentiary privilege. A purpose of this Order is to encourage the Parties to this Action to produce documents without the need for intervention by the Court.

3. When any person produces in this proceeding any material that is asserted by any Party to contain or constitute "Confidential Information," the Party asserting confidentiality will promptly designate the material as confidential by printing, stamping or otherwise affixing a label or sticker stating "CONFIDENTIAL" to the documents or information so designated at the time of their production. A Party may designate electronically stored information as confidential by printing, stamping or otherwise affixing a label or sticker containing "CONFIDENTIAL" to the storage device containing the confidential information or, if it is infeasible to do so, by specifically identifying the confidential information in the cover letter or email transmitting the electronically stored information. For a document consisting of multiple pages, a Party may designate the entire document as "CONFIDENTIAL" by so marking the first page. All Confidential Information produced or obtained will be maintained carefully so as to preclude access by persons who are not entitled to receive such information.

4. Information or documents that any Party designates as "CONFIDENTIAL" will be maintained in confidence by the opposing Party and by recipients qualified to receive it under Paragraphs 5 and 6 hereof, to be used solely for the purposes of the prosecution of and defense against the claims asserted in this Action. All documents and things so labeled, and any copies thereof, will be kept or stored in a fashion that reasonably will secure their confidentiality.

5. Confidential Information may be disclosed to the following recipients, who will not be required to execute the Acknowledgement of the Order (the "Acknowledgement") attached hereto as Exhibit A, but who will nonetheless be bound by the terms of this Order:

   (a) The Parties, and present and former directors, officers, employees, representatives or agents of the Parties who are assisting with this Action or who, in the normal course of business would have access to or to whom a Party has a business obligation to provide such information in connection with this Action;

   (b) Any auditor or regulator, who, in the normal course of business, would have access to or to whom a Party has a business obligation to provide such information in connection with this Action;

   (c) Attorneys of record, and members, associates, and employees of the law firms of record;

   (d) Mediators and arbitrators;

   (e) Jurors (to the extent specifically instructed by the Court); and

   (f) Stenographic and video reporters engaged in proceedings incident to this Action.

6. Confidential Information may be disclosed to the following recipients, provided they agree to be bound by the terms of this Order by either (1) stating such agreement on the

record during the course of a deposition in which the individual is a deponent or an attorney representing a deponent or (2) signing a copy of the Acknowledgement attached hereto as Exhibit A. This will not be construed to authorize any disclosure to the media or otherwise to the general public. It will be the responsibility of counsel showing information designated as Confidential Information by the opposing counsel to obtain and retain a signed copy of the attached Acknowledgement (or a deponent's agreement on the record) prior to providing or disclosing Confidential Information to any of these persons:

    (a)    Any person from whom testimony is taken or may be taken in this Action, unless such person falls within paragraph 6 above, and their counsel, except that such a person may only see and retain copies of Confidential Information in preparation for or during his or her testimony;

    (b)    Retained consultants or experts for any Party; and

    (c)    Any other person as may be agreed upon in writing by the Parties in advance, or as ordered by this Court.

7.    In the case of deposition transcripts or transcripts of hearings or trial, designation of a specific portion of the transcript that contain Confidential Information will be made by a statement to that effect on the record in the course of the deposition, hearing or trial by counsel or by letter within 15 days of the receipt of the transcript or copy thereof. All deposition transcripts will be treated as containing Confidential Information under this Order until the expiration of the 15 day period for letter designation.

8.    Disclosure of designated Confidential Information will be allowed in the event an order from a governmental entity, a court, or an arbitration tribunal requires the disclosure of Confidential information, provided, however, that the Party from whom disclosure is sought will

give immediate written notice to the other Party to enable same to take such protective actions as they may deem necessary.

9. Any Party who wishes to submit Confidential Information to the Court in connection with any hearing or motion must either submit the information under seal or notify the producing Party seven (7) business days prior to such hearing or prior to filing such motion, to allow the producing Party sufficient opportunity to take steps to have the hearing conducted *in camera* and the motion (or any Confidential Information submitted therewith) filed under seal or to enable the Parties to agree to alternative arrangements consistent with the purposes of this Order.

10. Before trial of this Action, counsel for the Parties will meet and attempt to agree on an appropriate form of order to submit to the Court regarding the confidential status, if any, to be afforded documents, testimony or other information disclosed during the court of the trial. Nothing in this Order will be construed to affect in any way the admissibility of any documents, testimony or other evidence at trial, nor constitute a waive of any objection thereto.

11. Nothing in this Order will limit or restrict the business or other purposes for which a Party may use his/its own documents or his/its own other material designated as "Confidential Information."

12. If a Party who is a recipient of any Confidential Information submitted in accordance with this Order disagrees with respect to such designation in full or in part, such Party will notify the other Party, whereupon the Parties will confer in good faith in an effort to resolve the status of the subject information. If before or at the time of such conference the designating Party withdraws the "Confidential" designation of such information, such designating Party will express that withdrawal by written notice submitted to the other Party. If

the Parties are unable to resolve the asserted confidential status of any information, either Party may raise the issue of confidential status for determination by the Court. Nothing in this Order will abridge the right of any Party to seek judicial review or relief with respect to any ruling that the Court may make.

13. If within thirty (30) days of the final termination of this litigation, including all appeals and periods for filing appeals, the Party asserting confidential status requests in writing, each person subject to this Order will assemble and return all items (and copies thereof) containing or disclosing Confidential Information that were submitted in accordance with this Order. Receipt of the returned material will be acknowledged in writing. Notwithstanding the foregoing, counsel may retain one copy of any of the aforementioned items for counsel's records provided that counsel will not disclose any such retained items unless legally required to do so and after having first given reasonable notice of such legal obligation to the producing Party.

14. Any non-party to this Action who will be called upon to make discovery herein or provide deposition or other testimony will be entitled to avail himself/herself/itself of the provisions and protections of this Order by written notice invoking the specific terms hereof and by making production consistent with it. By doing so, such non-party will assume the duties and obligations imposed by this Order.

15. In the event that, absent any provision of this Order allowing such disclosure, any Party believes that disclosure of Confidential Information should otherwise be permitted, it will give at least thirty (30) days prior written notice to the other Party (or, if disclosure is required within a shorter period, the Party will give prior written notice within three (3) days of receipt of a demand for Confidential Information), setting forth the Confidential Information which it proposes to disclose, the identity of each person or entity to which the Confidential Information

is to be disclosed, and reasons why disclosure should be permitted, along with a request to consent to such disclosure. If the Parties are unsuccessful in informally resolving any disputes regarding the disclosure of any document or information designated as Confidential Information, the Court will resolve all disputes. It will be the burden of the Party seeking to disclose Confidential Information to establish that disclosure should be permitted. Unless and until the Court enters an order permitting such disclosure, the Confidential Information will be accorded "confidential" treatment provided for in this Order.

16. The rights and obligations contained in this Order will survive the conclusion of this litigation and will survive the return and/or destruction of Confidential Information.

So Ordered:

*Ronald R. Lagueux*
Sr. Judge Ronald R. Lagueux

DATED: 2/23/, 2011

The undersigned consent to the form and entry of the within Order.

| **PETER L. FLANAGAN** | **BANCORP RHODE ISLAND, INC.** |
|---|---|
| By his attorneys, | By its Attorneys, |
| Max Wistow (#0330)<br>Stephen P. Sheehan (#4030)<br>Wistow & Barylick, Inc.<br>61 Weybosset Street<br>Providence, RI 02903<br>(401) 831-2700<br>(401) 272-9752 (fax)<br>mwistow@wistbar.com<br>spsheehan@wistbar.com | Joseph D. Whelan (#5694)<br>Meghan E. Siket (#7676)<br>Hinckley, Allen & Snyder LLP<br>50 Kennedy Plaza, Suite 1500<br>Providence, RI 02903<br>(401) 274-2000<br>(401) 277-9600 (fax)<br>jwhelan@haslaw.com<br>msiket@haslaw.com |

**MERRILL W. SHERMAN, LINDA H. SIMMONS AND MEREDITH CURREN**

By their Attorneys,

Andrew C. Pickett (pro hac vice)
Christopher J. Campbell (#6611)
Jackson Lewis LLP
75 Park Plaza
Boston, MA 02116
(617) 367-0025
(617) 367-2155
campbelc@jacksonlewis.com

Dated: February ___, 2011          Dated: February ___, 2011

## EXHIBIT A

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

PETER L. FLANAGAN :
:
VS : C.A. NO. 10-436 L
:
BANCORP RHODE ISLAND, INC.: :
MERRILL W. SHERMAN, :
LINDA H. SIMMONS and :
MEREDITH CURREN :

### ACKNOWLEDGEMENT OF CONSENT PROTECTIVE ORDER

I hereby acknowledge (i) my understanding that information designated as CONFIDENTIAL is being provided to me pursuant to the terms and restrictions of a Consent Protective Order (the "Order") in the above-captioned case, and (ii) that I have read the Order. I understand the terms of the Order, I agree to be fully bound by such terms, and I hereby submit to the jurisdiction of the United States District Court for the District of Rhode Island for purposes of enforcement of the Order. I understand that violation of the Order may subject me to liability.

By: _____

Name (type or print): _____

Position: _____

Firm: _____

Address: _____

Date: _____